United States District Court
Southern District of Texas

**ENTERED**

May 26, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MIRWAIS MIRZAD, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-26-2418 |
| vs. | § | |
| | § | |
| WARDEN, Houston Contract Detention | § | |
| Facility Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Mirwais Mirzad, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Houston Contract Detention Facility.  Representing himself, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket Entry No. 1) seeking relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  The respondents filed a motion for summary judgment (Docket Entry No. 7) and Mirwais responded (Docket Entry No. 10).  Having reviewed the petition, the briefing and exhibits, and the applicable law, the court grants in part the respondents' motion for summary judgment and dismisses the habeas petition without prejudice to refiling at a later date.  The reasons are explained below.

## I.      Background

Mirzad is a native and citizen of Afghanistan.  (*See* Docket Entry No. 7-1 at 2; Docket Entry No. 7-2 at 2).  On September 30, 2024, Border Patrol agents apprehended Mirzad while he was crossing the border into the United States from Mexico.  (Docket Entry No. 7-2 at 3).  Around October 13, 2024, he was served with a Notice to Appear, initiating removal proceedings and

charging him with being an alien present in the United States who has not been admitted or paroled. (Docket Entry No. 7-1 at 2; Docket Entry No. 7-2 at 3).

On December 17, 2024, an immigration judge determined that Mirzad was removable based on his admissions. (*See* Docket Entry No. 7-2 at 4; Docket Entry No. 7-3). The immigration judge also determined that Mirzad was eligible for relief from removal, and that Mirzad could apply for relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture. (*See* Docket Entry No. 7-3). The immigration judge further told Mirzad that an application for relief (Application for Asylum and for Withholding of Removal, Form I-589) would be due before his next court hearing on January 8, 2025. (*See* Docket Entry No. 7-2 at 4; Docket Entry No. 7-3). Mirzad did not file an application for relief by January 8, when he appeared before the immigration judge. (*See* Docket Entry No. 7-2 at 4; Docket Entry No. 7-3). The immigration judge granted him an extension of time until January 29, 2025, to file an application. (*See* Docket Entry No. 7-2 at 4; Docket Entry No. 7-3).

On February 3, 2025, an immigration judge determined that Mirzad had abandoned his application for asylum and withholding of removal because the application was not filed by the extended deadline and Mirzad did not seek an extension of the deadline. (*See* Docket Entry No. 7-3 at 2; Docket Entry No. 7-4). The immigration judge ordered his removal to Afghanistan. (*See* Docket Entry No. 7-3); *see also Automated Case Information*, Executive Office for Immigration Review, https://acis.eoir.justice.gov/en (last visited May 23, 2026).[1] On February 14, 2025, Mirzad filed a motion to reopen removal proceedings and moved for a stay of removal. (*See* Docket Entry No. 7-2 at 4; Docket Entry No. 7-4). On February 22, 2025, the immigration judge

---

[1] Publicly available information related to the petitioner's immigration proceedings may be found by searching for the petitioner by his A-number and nationality at the Executive Office for Immigration Review's website, available at https://acis.eoir.justice.gov/en (last visited May 23, 2026).

denied the motion to reopen due to Mirzad's two failed attempts to complete the application for asylum and withholding of removal. (*See* Docket Entry No. 7-2 at 4; Docket Entry No. 7-4). Mirzad then moved for a stay of removal before the Board of Immigration Appeals (BIA) and appealed the immigration judge's decision. (*See* Docket Entry No. 7-6). On December 15, 2025, the BIA dismissed Mirzad's appeal. The order of removal became final on that date. (*See id.*; Docket Entry No. 7-2 at 3).

Mirzad remains in detention. He argues that the country to which he was ordered removed—Afghanistan—will not accept him, and therefore there is no significant likelihood of his removal in the reasonably foreseeable future. Among other relief, he seeks release from custody. (*See* Docket Entry No. 1 at 7). The respondents have filed a motion for summary judgment, arguing that the habeas petition is premature and, in the alternative, the length of Mirzad's detention is not unconstitutional.

## II.    Discussion

In *Zadvyas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that the United States Constitution does not permit indefinite detention lasting beyond six months past the removal period. *Id.* at 701. After the expiration of six months, a noncitizen may seek his release from custody by demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* The noncitizen bears the burden of proof in showing that no such likelihood of removal exists. *Id.* Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." *Id.* Not every noncitizen in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in *Zadvydas*. "To the contrary, an alien may be held in

confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, the evidence shows that Mirzad's order of removal became final on December 15, 2025, and he has been confined since that time. Mirzad filed his habeas petition on March 18, 2026,[2] which  means he had been confined under his final order of removal for three months and three days as of the date he filed his petition. As of the date of this Memorandum Opinion, Mirzad has not been confined under his final order of removal for more than six months past the removal period. He therefore does not yet state a claim for relief under *Zadvydas*. *See Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (per curiam) (holding that the district court did not err when it dismissed the petition as premature because the petitioner had not been in custody for six months past the date the removal order was entered); *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) ("The district court properly denied [the petitioner's] claim regarding his continued detention as premature because, at the time of the district court's ruling, [the petitioner] had not yet been in custody longer than the presumptively reasonable six-month post removal order period."), *cert. denied*, 544 U.S. 1066 (2005). This petition is dismissed without prejudice as premature.

**III.    Conclusion**

The court **orders** as follows:

1.    The respondents' motion for summary judgment (Docket Entry No. 7) is **granted in part**.[3]

2.    The petition for a writ of habeas corpus under 28 U.S.C. § 2241 brought by Mirwais Mirzad is **dismissed without prejudice** as premature.

---

[2] (*See* Docket Entry No. 1 at 8).

[3] The court does not reach the question of whether Mirzad's detention is constitutional because the court dismisses the petition as premature.

3.      Any other pending motions are **denied as moot**.

4.      An order of dismissal will be entered separately.


SIGNED on May 26, 2026, at Houston, Texas.


_____
Lee H. Rosenthal
Senior United States District Judge

5